# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BRENDA N.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C18-5540-MLP

ORDER AFFIRMING THE COMMISSIONER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical evidence and discounting her testimony.[1] (Dkt. # 13 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1967, has a GED and some college education, and has worked as a seasonal flower worker, seasonal fish packer, painter's apprentice, and dishwasher. AR at 41, 45-

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. (Dkt. # 13 at 16-17.) This assignment of error therefore need not be addressed separately.

ORDER AFFIRMING THE COMMISSIONER - 1

49, 201. Plaintiff was last gainfully employed in 2006. *Id*. at 200.

In March 2012, Plaintiff applied for benefits, alleging disability as of November 1, 2008.[2] AR at 181-86. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 114-26, 130-34, 136-38. After the ALJ conducted a hearing on December 6, 2013 (*id*. at 34-79), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 16-29.

The Appeals Council denied Plaintiff's request for review (AR at 6-10), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings. *Id*. at 866-74. The ALJ held another hearing on December 18, 2017 (*id*. at 802-39), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 781-94.

Utilizing the five-step disability evaluation process,[3] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since March 14, 2012.

Step two: Plaintiff's anxiety-related disorder, depression, history of substance addiction disorder, degenerative disc disease of the lumbar and cervical spine, and asthma are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[4]

RFC: Plaintiff can perform light work with additional limitations. She cannot work with fast-paced production rates. She cannot work at unprotected heights. She cannot drive industrial equipment. She cannot walk on an uneven surface, either inside or outside. She cannot work in a very noisy place. She is able to stand/walk for four hours "at least one hour at a time, but no more total in an eight hour work day." She can sit for six hours in an eight hour workday, persisting for no more than two hours at a time. "If given a sit/stand alternating option, she would be able to work eight of eight and persist in work activity for four hours on her feet if needed." She can perform forward bending, stooping, and kneeling on an occasional basis, but crouching, squatting, and/or crawling would be less than occasional. She can lift/carry in accordance with the definitions of light work.

---

[2] Plaintiff subsequently amended her alleged onset date to March 14, 2012. AR at 38.
[3] 20 C.F.R. § 416.920.
[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

> She can understand, remember, and apply simple or detailed instructions (having up to seven steps). She has retained previously acquired knowledge, and can use this in occupations as needed. She can engage in routine and higher level social interactions with co-workers and supervisors, but with unfamiliar persons and strangers (including the public), she can have only routine, perfunctory social interaction. She cannot be required to travel to new and unfamiliar places.
>
> Step four: Plaintiff cannot perform past relevant work.
>
> Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

*Id*. Plaintiff sought judicial review of this decision by this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective testimony because he found it to be (1) inconsistent with the objective medical evidence, which showed only mild/moderate findings, minimal treatment, and/or improvement with treatment; and (2) inconsistent with her daily activities, which suggest that her limitations are not disabling. AR at 787-88. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ's reference to Plaintiff's daily activities (AR at 788 ("[Plaintiff's] reported activities of daily living[] are indicative of her ability to perform work within the cognitive, social, and adaptive limitations provided in the [RFC] above")) is indeed insufficient because the ALJ did not identify any activities that are inconsistent with her testimony or demonstrate the existence of transferable skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Lacking that specificity, the ALJ's reasoning in this regard is insufficient.

But the ALJ's other reasoning is valid. The ALJ cited substantial evidence showing that Plaintiff's physical examinations revealed objective findings that are less severe than the limitations described by Plaintiff. AR at 787 (citing *id*. at 236-37, 581, 654, 675, 1067). Plaintiff contends that this reason could not alone support the ALJ's assessment of her testimony. (Dkt. # 13 at 15.) Plaintiff may be correct, but the ALJ provided other reasons and did not err in

considering the extent to which the medical evidence corroborated her testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Plaintiff goes on to argue that "the objective evidence" by the ALJ is in fact "fully consistent" with her testimony, and thus does not provide a basis for discounting her testimony. (Dkt. # 13 at 15.) The evidence cited by the ALJ documents either normal, mild, or moderate objective findings, which reasonably contradicts Plaintiff's description of pain that severely restricts her to 20 minutes of sitting, 30 minutes of standing, and 10-15 minutes of walking. AR at 786, 787. The ALJ's interpretation of the evidence is also consistent with the State agency review of the record in December 2012. *See id.* at 100-01.

  The ALJ also noted that Plaintiff received minimal treatment for her physical conditions, particularly after June 2014. AR at 787. Plaintiff's briefing does not challenge this part of the ALJ's reasoning. (Dkts. ## 13, 16.) Evidence of minimal treatment for allegedly disabling conditions is a clear and convincing reason to discount a claimant's allegations. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

  Lastly, the ALJ found that Plaintiff's mental complaints improved after she began counseling and medication. AR at 787-88. Plaintiff's briefing does not challenge this part of the ALJ's reasoning. (Dkts. ## 13, 16.) This evidence of improvement undermines her allegations of disabling mental limitations. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017)

("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Because the ALJ provided multiple legally sufficient reasons to discount Plaintiff's subjective allegations, the erroneous reliance on Plaintiff's activities is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's assessment of Plaintiff's testimony is affirmed.

**B.      The ALJ Did Not Err in Assessing the Medical Evidence**

Plaintiff challenges the ALJ's assessment of opinions written by examining psychologists and State agency reviewers, and points to evidence that pre-dates the alleged onset date to argue that the ALJ erred in evaluating the medical record. (Dkt. # 13 at 2-14.) The Court will address each disputed opinion in turn.

*1.      Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn*, 495 F.3d at 631. A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more

than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

### 2. Kimberly Wheeler, Ph.D.

Dr. Wheeler examined Plaintiff for DSHS four times, completing a form opinion each time. AR at 419-22 (March 2012 evaluation), 1205-09 (November 2015 evaluation), 1291-95 (September 2012 evaluation), 1429-33 (December 2017 evaluation). The ALJ summarized Dr. Wheeler's conclusions and explained that he gave little weight to them because they were

inconsistent with Plaintiff's many normal findings on mental status examination, her normal activities of daily living, and her lack of treatment/improvement with treatment. *Id*. at 788-89. The ALJ also found that Dr. Wheeler relied on Plaintiff's subjective reports, which were not entirely reliable. *Id*. at 789.

Plaintiff argues that these reasons are not specific and legitimate because Dr. Wheeler's opinions were based on clinical findings, which the ALJ did not discuss. (Dkt. # 13 at 4-5.) Although Plaintiff contends that Dr. Wheeler's clinical findings render all of the ALJ's reasoning invalid, Dr. Wheeler's clinical findings are few and disconnected from her conclusions regarding Plaintiff's workplace limitations. *See* AR at 419, 1206, 1292, 1430. The "clinical findings" sections of Dr. Wheeler's opinions are not entirely clinical findings but repeatedly reference Plaintiff's self-reported symptoms, such as anger, social withdrawal, feelings of guilt, and worry about her daughter, and some "clinical findings" even quote Plaintiff's statements directly. *Id*. The ALJ cited multiple specific, legitimate reasons to discount Dr. Wheeler's opinions, even though Dr. Wheeler performed clinical interviews. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity)*; Thomas,* 278 F.3d at 957 (ALJ may consider improvement with treatment in discounting physician's opinion)*; Bray v. Comm'r of Social Sec. Admin*., 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on

those less than credible statements."). Plaintiff has not shown that the ALJ erred in discounting Dr. Wheeler's opinions.[5]

   3.   *Keith Krueger, Ph.D.*

Dr. Krueger examined Plaintiff in October 2014, and completed a DSHS form opinion describing her symptoms and limitations. AR at 1214-24. Dr. Krueger opined that *inter alia* Plaintiff had marked limitations in her ability to complete a normal workday and workweek without interruptions from her psychologically based symptoms. *Id*. at 1217. The ALJ gave little weight to that portion of Dr. Krueger's opinion, finding it inconsistent with Plaintiff's report to Dr. Krueger that she could complete her activities of daily living and had to keep herself from getting bored. *Id*. at 790. The ALJ also noted that Plaintiff told Dr. Krueger that she was continuing to use alcohol and marijuana at the time of the evaluation, and that Dr. Krueger concluded that she had a "growing disability conviction." *Id*.

Plaintiff argues that her daily activities do not contradict Dr. Krueger's opinion (dkt. # 13 at 6), but the Court disagrees. Dr. Krueger documented Plaintiff's description of varied activities — such as shopping for groceries, listening to music, reading, talking with her family, tending to her dogs, household chores, and watching television — without reference to interruption from psychological symptoms, and instead indicated that Plaintiff tries to stay busy and avoid being "extensively bored." AR at 1216. Furthermore, although Plaintiff contends that her "growing disability conviction" is unsurprising in light of her chronic symptoms, evidence of a claimant's

---

[5] Faulder Colby, Ph.D., reviewed Dr. Wheeler's March 2012 opinion and summarized her findings for DSHS. AR at 465-67. The ALJ discounted Dr. Colby's summary of Dr. Wheeler's opinion for the same reasons he discounted Dr. Wheeler's opinion. *Id*. at 791. Because Dr. Colby's opinion consists only of a summary of Dr. Wheeler's findings, the ALJ's reasons for discounting Dr. Wheeler's opinion apply with equal force to Dr. Colby's summary. Contrary to Plaintiff's argument (dkt. # 13 at 5), Dr. Colby's summary of Dr. Wheeler's conclusions does not provide "further support" for Dr. Wheeler's opinions, because it does not constitute independent evidence.

disability conviction undermines an allegation of disability. Plaintiff appears to misunderstand the implication of Dr. Krueger's use of the term "disability conviction." A claimant's disability conviction refers to a claimant's entrenched belief that he or she is disabled, possibly motivated by a desire to receive disability benefits, and courts have found that evidence of such a conviction undermines the reliability of a claimant's self-report. *See, e.g*, *Jerry C. v. Comm'r of Social Sec.*, 2018 WL 7377212, at *7 (E.D. Wash. Nov. 15, 2018); *Johnson v. Berryhill*, 2018 WL 3725735, at *7 (W.D. Wash. Aug. 6, 2018); *Hansen-Steel v. Colvin*, 2014 WL 498922, at *4 (E.D. Wash. Oct. 6, 2014). Thus, although Plaintiff essentially concedes that she has a disability conviction, this undermines her position and does not show that the ALJ erred in discounting Dr. Krueger's opinion.

### 4. Alexander Patterson, Psy.D.

Dr. Patterson examined Plaintiff in September 2015 and wrote a narrative report describing her symptoms and limitations. AR at 1199-1203. Dr. Patterson's functional assessment reads as follows:

> The claimant's reasoning and judgment are normal. Her understanding and memory are normal. Sustained concentration and persistence are moderately impaired due to anxiety. Interpersonal functioning is moderately impaired due to anxiety. Adaptation skills are moderately impaired due to significant subjective distress.
>
> Overall, the claimant's ability to function in a work setting appears to be moderately impaired due to depression and anxiety. She may have difficulty with consistent attendance and timeliness due to low motivation. She may have problems finishing work-related tasks due to difficulty with concentration and persistence. Interpersonal functioning appears to be moderately impaired, so she may have difficulty maintaining appropriate work relationships. Her ability to manage normal work-related stress appears to be moderately impaired.
>
> The claimant appears to have some physical health problems that would be better assessed by a medical provider.

*Id*. at 1202. Dr. Patterson noted in his "prognosis" section that Plaintiff had never consistently engaged in mental health treatment, but that if she were to participate in therapy and find an effective medication regimen, "it is possible she could experience significant functional gains." *Id*.

The ALJ summarized Dr. Patterson's findings and accorded them "some weight," discounting them because: (1) Dr. Patterson's opinion that Plaintiff "may have" attendance/timeliness deficits is based on subjective complaints, and contradicted by her ability to attend appointments and follow through with treatment recommendations; and (2) Plaintiff has not sought significant mental health treatment, even though she sought treatment for other symptoms, which "suggests that her symptoms are not as debilitating as she reported to Dr. Patterson." AR at 789.

Plaintiff argues that there is no evidence that Dr. Patterson's opinion regarding attendance/timeliness is based on subjective complaints, and her ability to attend appointments does not show that she can reliably attend work. (Dkt. # 13 at 7.) This argument is not persuasive, because the only mention of low motivation in Dr. Patterson's report is Plaintiff's self-report of low motivation (AR at 1199), which supports the ALJ's interpretation. Furthermore, an ability to attend appointments regularly is relevant to whether Plaintiff could attend work regularly, even if it does not conclusively prove that she can. Plaintiff has not shown that the ALJ's reasoning in this regard was unreasonable, and thus has not shown error. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

Plaintiff also argues that the ALJ erred in discounting Dr. Patterson's opinion in light of Plaintiff's lack of mental health treatment, because she should not be penalized for exercising judgment in failing to seek treatment. (Dkt. # 13 at 7-8.) Plaintiff's argument is not persuasive because there is no evidence that her lack of treatment was attributable to her impairment; she described mental complaints on numerous occasions to examining psychologists for purposes of obtaining benefits, and Dr. Patterson himself found Plaintiff's judgment to be "normal." AR at 1202. Under these circumstances, Plaintiff has not shown that the ALJ's interpretation is unreasonable and has therefore not shown error in the assessment of Dr. Patterson's opinion. *See Molina*, 674 F.3d at 1113-14 (affirming an ALJ's discounting of a claimant's testimony based on lack of treatment because "[a]lthough Molina provided reasons for resisting treatment, there was no medical evidence that Molina's resistance was attributable to her mental impairment rather than her own personal preference").

        *5.     Kathleen Mayers, Ph.D.*

Dr. Mayers examined Plaintiff in August 2013 and wrote a narrative report. AR at 760-64. Dr. Mayers' medical source statements reads in relevant part:

> If [Plaintiff's] medical problems did not interfere and if she can control her panic episodes with medication or treatment procedures, she probably could maintain attention and concentration through a normal eight-hour workday, and probably would be able to tolerate changes in a competitive work setting.

*Id*. at 764. The ALJ gave "little weight" to this portion of Dr. Mayers' opinion, finding it to be based on Plaintiff's subjective reports and inconsistent with Dr. Mayers' objective findings and Plaintiff's description of her activities. *Id*. at 790. The ALJ also noted that "[a]ny opinion regarding the effects of the claimant's physical complaints is outside of Dr. Mayers' area of expertise." *Id*.

Plaintiff argues that contrary to the ALJ's decision, Dr. Mayers' rejected opinion is consistent with her clinical findings. (Dkt. # 13 at 9.) This argument is not persuasive because Dr. Mayers described Plaintiff's concentration as "good" (AR at 762) and her concentration, task persistence, and pace as "average" (*id*. at 764), even at a time when she claimed her physical and mental health conditions were severe enough to prevent her from working (*id*. at 760).

Plaintiff also argues that her activities do not show that she can work in a competitive environment. (Dkt. # 13 at 9.) The ALJ did not find that her activities demonstrated transferable work skills, however; the ALJ found that Plaintiff activities contradicted Dr. Mayers' opinion regarding the extent of her attention and concentration deficits. AR at 790. This finding is supported by substantial evidence, because Plaintiff reported to Dr. Mayers that she completed many activities that require attention and concentration, and, again, Dr. Mayers found that Plaintiff had "average" attention, persistence, and pace. *Id*. at 763-64.

Lastly, Plaintiff argues that Dr. Mayers was qualified to report her clinical observations of Plaintiff's physical issues, but Dr. Mayers reported no such observations. (Dkt. # 13 at 9.) She conditioned her opinion on resolution of Plaintiff's physical issues, and the ALJ pointed out that no such caveat was appropriate given Plaintiff's performance on mental status examination and her reported activities, and that, in any event, Dr. Mayers was unqualified to opine as to the impact of Plaintiff's physical complaints. This reasoning is legitimate, and Plaintiff has failed to establish error in the ALJ's assessment of Dr. Mayers' opinion.

### 6. *State Agency Opinions*

The ALJ gave great weight to the State agency consultants' opinions regarding Plaintiff's mental functioning because the opinions were consistent with Plaintiff's activities, mental status examinations and other testing, and her lack of mental health treatment. AR at 792 (referencing

*id*. at 81-110). Plaintiff contends that the State agency opinions were not consistent with the medical opinion evidence (in unspecified ways), but the ALJ did not state that the opinions were consistent with other medical opinions, and thus this argument does not show error in the ALJ's decision. The ALJ identified other evidence that was consistent with the State agency opinions, and thus did not err in crediting the opinions. *See Andrews*, 53 F.3d at 1041 (explaining that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))). Plaintiff also argues that her lack of mental health treatment does not support the State agency opinions. (Dkt. # 13 at 13-14.) Plaintiff's lack of mental health treatment may not *support* the State agency opinions, per se, but it is consistent with the State agency opinions that Plaintiff's mental limitations were not disabling. *See* AR at 86, 90-92, 100, 105-07. Lastly, although Plaintiff correctly notes that the State agency review took place years before the ALJ's decision, the ALJ explicitly considered these opinions in the context of the remainder of the record. Plaintiff has not established error in the ALJ's assessment of the State agency opinions as to mental functioning.

 The ALJ also discussed the State agency opinions regarding Plaintiff's physical functioning, and explained that he gave some weight to their opinions, but found Plaintiff more restricted based on "recently received evidence." AR at 792. Plaintiff's briefing does not acknowledge that the ALJ found Plaintiff to be more restricted than the State agency, which undercuts her argument that the State agency opinions are inconsistent with the record. (Dkt. # 13 at 14.) Plaintiff has not established error in the ALJ's assessment of the State agency opinions regarding her physical functioning.

### 7. *Pre-onset Evidence*

Plaintiff notes that the record contains medical evidence and opinions that pre-date her alleged onset date, and argues that this evidence is significant because it is consistent with later evidence. (Dkt. # 13 at 8-12.) According to Plaintiff, the ALJ should not have rejected this evidence based on its timing. (*Id.*)

Plaintiff's argument is not supported by case law. *See, e.g.*, *Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *Baker v. Berryhill*, 720 Fed. Appx. 352 (9th Cir. Dec. 21, 2017) ("The ALJ did not err by not discussing evidence from three psychologists who evaluated Baker prior to her alleged onset date[.]"); *Brown v. Comm'r of Social Sec.*, 532 Fed. Appx. 688, 688-89 (9th Cir. Jun. 26, 2013) (holding that the "ALJ properly rejected the testimony of 'some older (pre-current application) assessments' in favor of 'more recent' opinions").

Furthermore, the ALJ also provided other reasons for discounting certain opinions that pre-date the alleged onset. AR at 791-92. Plaintiff provides only conclusory challenges to the ALJ's reasoning (dkt. # 13 at 8-12), and therefore has failed to establish error in the ALJ's assessment of the pre-alleged onset evidence. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons.").

### 8. *Miscellany*

Plaintiff devotes a portion of her opening brief to a summary of miscellaneous medical findings. (Dkt. # 13 at 12-13.) Plaintiff contends that this evidence is consistent with other evidence and with Plaintiff's testimony, but does not identify any error in the ALJ's decision pertaining to this evidence. Therefore, this evidence need not be discussed further.

In sum, Plaintiff has not established that the ALJ erred in assessing the medical evidence and this portion of the ALJ's decision is affirmed.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 7th day of June.

*/s/ M.J. Peterson*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER - 16